No. 23,896.

BEN DEMPSTER, *Appellee*, v. R. E. EDWARDS and ROY NULL, Partners, etc. (R. E. EDWARDS, *Appellant*.)

SYLLABUS BY THE COURT.

1. *Partnership—Partnership Established by the Findings of a Jury—Partnership Liability*. The findings of a jury as to the existence of a partnership and of a partnership liability are held to be supported by sufficient evidence.

Appeal from Edwards district court; ROSCOE H. WILSON, judge. Opinion filed December 9, 1922. Affirmed.

F. *Dumont Smith*, of Hutchinson, for the appellant.

W. *E. Broadie*, of Kinsley, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Ben Dempster to recover from R. E. Edwards and Roy Null as partners a threshing bill for $443.20. Plaintiff recovered, and Edwards alone appeals.

The wheat threshed had been grown on the Edwards farm, which had been operated by Roy Null under a partnership between him and Edwards. That partnership had existed about seven years, and in the spring of 1920 they agreed upon a dissolution of it. At that time there was a growing crop of wheat on the farm, which matured after the making of the agreement of dissolution. This was harvested by Null, who procured the plaintiff to thresh the crop. It is conceded that Edwards and Null each owned one-half of the wheat threshed, and there is no dispute as to the quantity of wheat that was threshed nor as to the charge made for threshing it, but Edwards insists that it was not a partnership transaction, and that under their agreement Null was to pay the expenses of the threshing and deliver him one-half of the wheat free of any expense, and that in no event is he liable for more than the threshing of his own share. The question is, Did Edwards and Null at the time they made the agreement of dissolution arrange that the wheat should be harvested and threshed as partnership property, or was the agreement that Null should pay the expenses of threshing it? In answer to special questions the jury found that an agreement to dissolve the partnership had been made, but that it was not completely dissolved when the agreement was made, and as to the wheat, the jury found in their general verdict that Edwards and Null were liable as partners.

It was a question of fact which divided the parties, and that has been determined by the jury. If there is evidence to sustain the findings, the judgment must stand. While there are some inconsistencies in the evidence upon which findings are based and much evidence in contradiction of that offered in behalf of plaintiff, we cannot escape the conclusion that on the whole it is sufficient to uphold the verdict and judgment.

Affirmed.